# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) JOSHUA DAVIS and )
(2) KATELYNN DAVIS, )
               Plaintiffs, )
v.                                        )   Case No.: 16-cv-00269-CVE-TLW
(1) SAFECO INSURANCE COMPANY )
OF AMERICA, a foreign Insurance company, )
               Defendant. )

## NOTICE OF REMOVAL

COMES NOW Defendant Safeco Insurance Company of America and pursuant to 28 U.S.C. § 1446 and Fed. R. Civ. P. 81(c) states:

1. The above entitled suit was filed in the District Court of Tulsa County, State of Oklahoma as Case No. CJ-2016-1330 on April 12, 2016. Defendant Safeco Insurance Company of America was served through the office of the Oklahoma Insurance Commissioner on April 12, 2016. Receipt of service was the first notice Safeco Insurance Company of America received of this suit. In accordance with 28 U.S.C. §1446(a) and LCvR 81.2, a copy of the docket sheet and a copy of all documents filed or served in the Tulsa County case are attached to this Notice as Exhibits "1" through "4".

2. Plaintiffs Joshua Davis and Katelynn Davis are citizens of the State of Oklahoma and residents of Tulsa County, Oklahoma.

3. Defendant Safeco is a corporation organized under the laws of the State of New

Hampshire and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts; therefore Safeco is deemed to be a New Hampshire citizen for purposes of diversity.

4.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332. Removal is proper pursuant to 28 U.S.C. §1441, et seq.

5.      In this case, Plaintiffs bring causes of action for breach of an insurance contract and bad faith against Safeco Insurance Company of America, arising from an insurance claim for water/electrical damage to a motor vehicle.

6.      The prayer, which states only that actual damages in excess of $15,000.00 plus punitive damages are sought, fails to comply with 12 O.S. §2012(A)(2) in that it fails to state whether the amount sought exceeds the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.  Nevertheless, the body of the Petition clearly alleges damages exceeding $75,000.00.

Allegations of both actual and punitive damages are to be considered and aggregated in determining whether the amount in controversy requirement has been satisfied. Burrell v. Burrell, 229 F.3d 1162, *2-*3 (10th Cir. 2000)(unpublished opinion), citing Bell v. Preferred Life Assur. Soc'y., 320 U.S. 238, 240 (1943)(("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"); Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir. 1994).  The aggregate of the actual and punitive damages sought in this action exceeds the minimum required jurisdictional amount.

Plaintiffs' Petition alleges that plaintiffs seek actual damages in an un specified amount. In addition, plaintiffs seek punitive damages for alleged breach of the duty of good faith.

Title 23, Oklahoma Statutes §9.1 provides for three categories of punitive damage limits in insurance bad faith cases. In the first category, the lowest level of punitive damages, upon a finding by clear and convincing evidence that "[a]n insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured" the jury may award the greater of $100,000.00 or the amount of actual damages awarded. Okla. Stat. tit. 23 §9.1(B). As such, seeking punitive damages establishes, on the face of the Petition, an amount in controversy of $100,000.00, at the least, which exceeds the amount required for diversity jurisdiction.

The allegations of Plaintiffs' Petition establish that the amount in controversy exceeds the amount required for diversity jurisdiction. 28 U.S.C. § 1446(c)(2).

7. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction because of the complete diversity of citizenship of the parties and there is a sufficient amount in controversy.

8. Pursuant to 28 U.S.C. § 1446(a), Defendant acknowledges that this Notice of Removal is signed and filed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Safeco Insurance Company of America requests this Notice of Removal be accepted by this Court and that the lawsuit proceed as an action properly removed to this Court's jurisdiction.

Plaintiffs' Petition alleges that plaintiffs seek actual damages in an un specified amount. In addition, plaintiffs seek punitive damages for alleged breach of the duty of good faith.

Title 23, Oklahoma Statutes §9.1 provides for three categories of punitive damage limits in insurance bad faith cases. In the first category, the lowest level of punitive damages, upon a finding by clear and convincing evidence that "[a]n insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured" the jury may award the greater of $100,000.00 or the amount of actual damages awarded. Okla. Stat. tit. 23 §9.1(B). As such, seeking punitive damages establishes, on the face of the Petition, an amount in controversy of $100,000.00, at the least, which exceeds the amount required for diversity jurisdiction.

The allegations of Plaintiffs' Petition establish that the amount in controversy exceeds the amount required for diversity jurisdiction. 28 U.S.C. § 1446(c)(2).

7. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction because of the complete diversity of citizenship of the parties and there is a sufficient amount in controversy.

8. Pursuant to 28 U.S.C. § 1446(a), Defendant acknowledges that this Notice of Removal is signed and filed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Safeco Insurance Company of America requests this Notice of Removal be accepted by this Court and that the lawsuit proceed as an action properly removed to this Court's jurisdiction.

Respectfully submitted,

WILSON, CAIN & ACQUAVIVA
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma 73103
405/236-2600; FAX 405/236-2607
*/s/ Tim D. Cain*
Tim D. Cain, OBA #11779
Kristan A. Bolding, OBA #22498
TimC@wcalaw.com
KristanB@wcalaw.com
***Attorneys for Defendant***
***Safeco Insurance Company of America***

## CERTIFICATE OF SERVICE

  X   I hereby certify that on May 11, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Scott D. Keith, OBA #4914
1515 S. Denver Ave.
Tulsa, OK 74119
Telephone: 918-599-8118
Facsimile: 918-599-8119
***Attorney for Plaintiffs***

 */s/ Tim D. Cain*
Tim D. Cain
Kristan A. Bolding